The STATE of Ohio, Appellee,

v.

DOUGLAS, Appellant.

[Cite as *State v. Douglas* (1989), 66 Ohio App.3d 788.]

Court of Appeals of Ohio,
Greene County.

No. 88-CA-63.

Decided July 26, 1989.

*Joe R. Fodal,* Prosecuting Attorney, for appellee.

*Beth A. Kolotkin,* for appellant.

---

BROGAN, Judge.

Appellant, Michael Douglas, appeals from his conviction in the Fairborn Municipal Court of a violation of R.C. 2950.02, to wit: failing to register as a habitual sex offender.

Prior to trial, Douglas moved to dismiss the charges against him because he claimed R.C. 2950.02 violated the Eighth Amendment of the United States Constitution forbidding cruel and unusual punishment. Specifically, appellant contended the statute was unconstitutional for overbreadth in that it failed to distinguish between those previously convicted of relatively minor crimes such as public indecency and the more serious sex offenses, such as rape. Douglas contended in the court below that the registration requirement of the statute stigmatized him and the punishment was wholly out of proportion to the offenses for which he had previously been convicted. In his motion, appellant admitted to having "prior convictions for public indecency."

After a hearing on the motion, the trial court overruled the motion and the defendant entered a plea of no contest. During the hearing the defendant admitted to having been convicted of public indecency or indecent exposure on four prior occasions. He testified he completed the periods of incarceration imposed for the violations.

Lieutenant John Bennington testified that the defendant failed to register as a habitual sex offender and the defendant admitted to residing in the city of Fairborn.

In appellant's first assignment, he contends the trial court erred in overruling his motion to dismiss because R.C. 2950.01 through 2950.02 violate the defendant's First Amendment right to freedom of association and the right to travel as implied in the United States and Ohio Constitutions. The general rule is that "an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *State v. Childs* (1968), 14 Ohio St.2d 56, 43 O.O.2d 119, 236 N.E.2d 545.

In *State v. Awan* (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277, the Ohio Supreme Court held the failure to raise at the trial court the issue of constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal.

Appellant never argued in the trial court that the statute was unconstitutional because it violated the accused's First Amendment rights. He raises that issue for the first time on this appeal. We are not required to consider an argument raised for the first time on appeal. See, also, *State v. Phillips* (1971), 27 Ohio St.2d 294, 56 O.O.2d 174, 272 N.E.2d 347. The first assignment of error is overruled.

In appellant's second assignment, he contends the trial court erred in not dismissing the charge against him because R.C. 2950.02 is unconstitutional in that it violates the cruel and unusual punishment prohibitions found in the United States and Ohio Constitutions.

R.C. 2950.02 provides:

"Any habitual sex offender shall, within thirty days of his coming into any county in which he resides or is temporarily domiciled for more than thirty days, register with the chief of police of the city in which he resides or the sheriff of the county if he resides in an area other than a city."

R.C. 2950.01 provides in pertinent part:

"(A) 'Habitual sex offender' includes any person who is convicted two or more times, in separate criminal actions, for commission of any of the sex offenses set forth in division (B) of this section. Convictions which result from or are connected with the same act, or result from offenses committed at the same time, shall be counted for the purpose of this section as one conviction. Any conviction set aside pursuant to law, is not a conviction for purposes of this section.

"(B) As used in this section, 'sex offense' means:

"(1) A violation of section 2907.02, 2907.03, 2907.05, 2907.08, or 2907.09, of the Revised Code, a felony violation under section 2907.04 of the Revised Code, a violation of division (A)(4) of section 2907.06 of the Revised Code, and a violation of division (A) or (B) of section 2907.07 of the Revised Code;

"(2) A violation of any former law of this state, substantially equivalent to any offense listed in division (B)(1) of this section;

"(3) An offense under an existing or former municipal ordinance or law of another state or the federal government, substantially equivalent to any offense listed in division (B)(1) of this section[.]"

Ohio's "public indecency" statute is found at R.C. 2907.09; it provides:

"(A) No person shall recklessly do any of the following, under circumstances in which his or her conduct is likely to be viewed by and affront others, not members of his or her household:

"(1) Expose his or her private parts, or engage in masturbation;

"(2) Engage in sexual conduct;

"(3) Engage in conduct which to an ordinary observer would appear to be sexual conduct or masturbation.

"(B) Whoever violates this section is guilty of public indecency, a misdemeanor of the fourth degree."

The California Supreme Court in *In re Reed* (1983), 33 Cal.3d 914, 191 Cal.Rptr. 658, 663 P.2d 216, held that insofar as the Penal Code requires registration of persons convicted of "soliciting anyone to engage in or who engage in lewd or dissolute conduct in a public place," it is void under the California Constitution as cruel and unusual punishment.

The court held the registration requirement was a form of punishment that was out of all proportion to the crime inasmuch as the offenses covered under the ambit of the soliciting provision were relatively minor by contemporary standards, there were more serious sex-related and nonsex-related offenses not requiring registration, and California is virtually alone in its imposition of the requirement for misdemeanor conduct. The court noted the underlying conviction amounts to little more than a sexual indiscretion involving no violence, and persons violating the statute cannot be presumed to be dangerous sex offender recidivists warranting personal surveillance.

■ It is well established that an Act of the General Assembly is entitled to a strong presumption of constitutionality. *State, ex rel. Jackman, v. Court of Common Pleas* (1967), 9 Ohio St.2d 159, 38 O.O.2d 404, 224 N.E.2d 906. This strong presumption is rebuttable, but only by proving the existence of the constitutional infirmity "beyond a reasonable doubt." *State, ex rel. Dickman, v. Defenbacher* (1955), 164 Ohio St. 142, 57 O.O. 134, 128 N.E.2d 59. When an enactment under attack is a legislative exercise pursuant to the police power, a party opposing such action must demonstrate a clear and palpable abuse of that power in order for a reviewing court to substitute its judgment for legislative discretion. *Allison v. Toledo* (1919), 99 Ohio St. 416, 124 N.E. 237.

■ The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishments inflicted." Section 9, Article I of the Ohio Constitution provides the same protection. *State v. Chaffin* (1972), 30 Ohio St.2d 13, 59 O.O.2d 51, 282 N.E.2d 46. The Eighth Amendment prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed. *Solem v. Helm* (1983), 463 U.S. 277, 284, 103 S.Ct. 3001, 3006, 77 L.Ed.2d 637, 645.

■ In *Solem*, the Supreme Court set forth three factors to be considered in performing the proportionality analysis: (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. The first of the *Solem* factors is "least capable of objective measurement, but the complexity of the sentencing

process is such that reviewing courts are properly cautioned "against injecting their value judgments into the details of legislative sentencing schemes." The later two *Solem* factors also limit proportionality review in a manner designed to ensure that only objectively extreme sentences will be invalidated. The Supreme Court, 1982 Term (1983), 97 Harv.L.Rev. 70, 133.

Public indecency is a fourth degree misdemeanor. The maximum sentence is thirty days' confinement and a $250 fine. The requirement of registration is a modest burden upon the twice-convicted defendant. It alerts the local police that the defendant has a criminal record for certain sex offenses. The fact of registration is not a public record.

Appellant argues that the registration requirement is a disproportionate sentence in that a similar requirement is not imposed upon those convicted of many crimes of violence, *e.g.*, those convicted of murder, robbery, burglary. We are not privy to the debates which led to the adoption of this legislation, nor of the intent behind the legislation. Presumably, law enforcement officials convinced the legislature that registration of sex offenders could facilitate criminal investigation of reported sex offenses. The legislature may likewise have been impressed by high recidivism rates among sex offenders.

Appellant also argues that California and Ohio are virtually alone in imposing the registration requirement for misdemeanor conduct. Ohio's statute differs from California's in that the registration requirement in Ohio requires a threshold of two convictions before registration is required. The Eighth Amendment is not violated every time a state reaches a conclusion different from a majority of its sisters over how to best administer its criminal laws. *Spaziano v. Florida* (1984), 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340.

The efficacy of criminal registration statutes is doubtful. Its potential use for harassment purposes is considerable. We cannot, however, find unconstitutional legislation we find silly or undesirable. We cannot say, using the *Solem* factors, that the registration requirement of R.C. 2950.02 violates the cruel and unusual punishments provisions of the United States and Ohio Constitutions. The assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

WILSON and FAIN, JJ., concur.