**WILSON, Appellant,**

v.

**The STATE of Ohio et al., Appellees.**

[Cite as *Wilson v. State* (1995), 101 Ohio App.3d 487.]

Court of Appeals of Ohio,
Fourth District, Hocking County.

No. 94CA18.

Decided Feb. 27, 1995.

488

*Pearly L. Wilson, pro se.*

*Betty D. Montgomery,* Attorney General, and *Todd R. Marti,* Assistant Attorney General, for appellees.[1]

STEPHENSON, Judge.

This is an appeal from the judgment of the trial court overruling the appellant's motions for default judgment and summary judgment and granting the appellees' motion to dismiss the appellant's declaratory judgment action. The appellant assigns the following error:

"The trial court clearly abused its discretion when it dismissed appellant's petition for declaratory judgment pursuant to defendants' motion to dismiss under Ohio R.Civ.Proc. 12(B) when defendants were in default twice, for failure to appear and failure to otherwise defend as to this action, as well as failure to even respond to the appellant's motion for summary judgment."

The appellant is an inmate at Southeastern Correctional Institution. He was apparently released on parole but later arrested for a violation of the conditions of his parole. He was not given an opportunity to seek release on bail pending the outcome of his parole revocation proceedings, because Ohio law makes no

1. Appellees were represented by different counsel at the trial court level.

provision for bail in connection with parole revocation proceedings. See R.C. 2967.15.

The appellant filed the case below on October 4, 1993, seeking a declaratory judgment that the lack of an opportunity for bail in connection with parole revocation proceedings violated his rights under the Eighth Amendment to the United States Constitution, the Ohio Constitution's bail provision and the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution. He also contended that the lack of opportunity for bail violated the federal bill of attainder and ex post facto clause (Clause 3, Section 9, Article I) of the United States Constitution.

Appellees were served with copies of the complaints and summonses, and when appellees failed to answer, plead, or otherwise defend, the appellant moved for default judgment on November 19, 1993. The trial court issued an order directing the appellees to respond on or before May 2, 1994. On April 21, 1994, the appellees then filed a memorandum in opposition to the appellant's motion for default judgment, a motion for leave to file a motion to dismiss, and a motion to dismiss. The appellees claimed that though they had been served sometime at the end of October 1993, they had not acted upon the complaint because it had been inadvertently misfiled.

On June 16, 1994, the appellant filed his motion for summary judgment. The appellees failed to respond to this motion. On July 11, 1994, the appellant filed his second motion for default judgment. Finally, on August 31, 1994, the trial court denied all of the appellant's motions and granted the appellees' motion to dismiss. The trial court stated that because the denial of bail for alleged parole violators is rational, parolees are not a suspect class, and freedom pending parole revocation is not a fundamental right, R.C. 2967.15 was constitutional. This appeal follows.

The appellant assigns only one error. However, it is clear from the appellant's brief that there are three issues presented in this single assignment of error. These issues are (1) whether the trial court erred in denying the appellant's motions for default judgment, (2) whether the trial court erred in denying the appellant's motion for summary judgment, and (3) whether the trial court erred in dismissing the appellant's complaint for failure to state a claim, pursuant to Civ.R. 12(B)(6).

 We will first consider whether the trial court erred in dismissing the appellant's complaint for failure to state a claim, as this determination will affect the outcome of the other two issues. Appellate review of a ruling on a motion to dismiss for failure to state a claim presents a question of law, which we will decide independently of the trial court's determination. *Steiner v. Steiner* (1993),

85 Ohio App.3d 513, 620 N.E.2d 152. A complaint is sufficient unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753.

■ We note first that an act of the General Assembly is entitled to a strong presumption of constitutionality. *State ex rel. Jackman v. Cuyahoga Cty. Court of Common Pleas* (1967), 9 Ohio St.2d 159, 38 O.O.2d 404, 224 N.E.2d 906. This presumption is rebuttable by proving constitutional infirmity beyond a reasonable doubt. *State ex rel. Dickman v. Defenbacher* (1955), 164 Ohio St. 142, 57 O.O. 134, 128 N.E.2d 59. Therefore, we must decide whether the appellant has proven the unconstitutionality of R.C. 2967.15 beyond a reasonable doubt.

■ First, the appellant submits that parolees have a right to bail pending revocation proceedings under both the Eighth Amendment to the United States Constitution and Section 9, Article I of the Ohio Constitution. Many courts have held that the Eighth Amendment, which prohibits excessive bail, does not require a right to bail pending revocation proceedings. *E.g., In re Whitney* (C.A.1, 1970), 421 F.2d 337; *United States ex rel. Vitoratos v. Campbell* (N.D.Ohio 1976), 410 F.Supp. 1208, 1211; and *Faheem–El v. Klincar* (C.A.7, 1988), 841 F.2d 712. We agree with the *Klincar* court that states have a compelling interest in upholding the effectiveness of their parole systems by denying bail to alleged parole offenders. *Id.* at 721. Persons such as the appellant have been previously convicted of a crime serious enough to have resulted in imprisonment, and there is probable cause to believe they have committed a new criminal act while released on parole. Ohio has apparently decided that there is serious doubt whether these individuals can function in society without committing antisocial acts, and, therefore, they must be detained pending their final revocation hearings. This compelling interest is more than sufficient to outweigh the appellant's conditional liberty granted to him by the state. Therefore, this court finds that there is no Eighth Amendment right to bail pending a parole revocation hearing. Further, because Ohio courts have generally held that the protection given by Section 9, Article I of the Ohio Constitution is coextensive with the protection given by the Eighth Amendment to the United States Constitution, we find that no right to bail pending a parole revocation hearing exists under the Ohio Constitution. See, generally, *State v. Douglas* (1989), 66 Ohio App.3d 788, 792, 586 N.E.2d 1096, 1098–1099.

Next, the appellant submits that lack of bail violated his right to due process under the Fourteenth Amendment to the United States Constitution. The United States Supreme Court has expressly dealt with what process is due parolees in revocation proceedings. See *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484. The court stated that a parolee could be

detained pending the final decision of the parole board on revocation if it had been determined that there was probable cause to hold the parolee until this decision is made. *Id.* at 487, 92 S.Ct. at 2603, 33 L.Ed.2d at 498. The court never indicated that due process required an individualized bail hearing for parolees pending the final revocation hearing. Therefore, though the court has not decided the issue directly, *Morrissey* would seem to imply that such a hearing is not a requirement under the due process clause.

▇ Several courts have held that due process does not require a bail hearing for parolees pending the final revocation hearing. *E.g., Klincar, supra,* and *Smith v. Hickey* (Mar. 1, 1976), Lucas App. No. L–76–037, unreported. In fact, the court in *Hickey* expressly held that the very statute which the appellant claims violates his due process rights in fact complies with due process requirements. Therefore, in view of the procedural safeguards already in place for parolees as set forth in *Morrissey,* the state's compelling interest in denying bail as discussed above, and the fact that parolees have only conditional liberty, we agree with the court in *Hickey.* Due process does not require that a parolee be granted a bail hearing pending the final revocation hearing.

▇ Additionally, the appellant submits that by denying bail to alleged parolees pending their final revocation hearing but granting a bail hearing to alleged probation violators, the state had violated his equal protection rights under the Fourteenth Amendment to the United States Constitution. In general, states should treat similarly situated people in a similar manner. *City of Cleburne, Texas v. Cleburne Living Center, Inc.* (1985), 473 U.S. 432, 105 S.Ct. 3249, 87 L.Ed.2d 313. However, legislative classifications will be upheld if the classification is rationally designed to further a legitimate state purpose. *San Antonio Independent School Dist. v. Rodriguez* (1973), 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16. Only if a class of people is denied a fundamental right or is part of a suspect class will the state have to prove that it has a compelling interest in the legislation and that the legislation is narrowly tailored to meet this interest. *Massachusetts Bd. of Retirement v. Murgia* (1976), 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520.

▇ First, courts have held that the right to bail pending parole revocation proceedings is not a fundamental right. *People ex rel. Tucker v. Kotsos* (1977), 68 Ill.2d 88, 11 Ill.Dec. 295, 368 N.E.2d 903. Also, courts have recognized that parolees are not a suspect class for equal protection purposes. *Id.* A class is suspect if there is a long history of oppressing individuals whose misfortune is to have been born in that class or if people in this class have historically been excluded from the protection of government. *Rodriguez, supra.* In contrast, the

status of parolees is a result of their own misconduct, and they have not been historically excluded from the protection of government. See *Kotsos, supra.*

Therefore, we find it appropriate to apply the rational-basis test. The appellant cites in his brief one case which held that there was no rational basis for distinguishing between alleged parole violators and alleged probation violators in determining whether a bail hearing should be held. *United States ex rel. Dereczynski v. Longo* (1973), 368 F.Supp. 682, affirmed (C.A.7, 1974), 506 F.2d 1403. The *Longo* court relied on the United States Supreme Court decision in *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656. In *Gagnon*, the court stated that persons on probation and persons on parole were entitled to the same constitutional protections regarding revocation hearings. *Id.* We interpret this statement to apply to the process regarding the revocation hearings themselves, not to whether bail should be granted pending the revocation hearing.

■ Other courts have held that the grant of a bail hearing to alleged probation violators but not alleged parole violators satisfied the rational-basis test. See *Klincar* and *Kotsos, supra.* We also find that this distinction between alleged probation violators and alleged parole violators is a rational one. First, parolees were originally adjudged in need of immediate commitment. In contrast, probationers were originally adjudged not to need such commitment. Therefore, the state could logically conclude that alleged parole violators would be more of a threat to public safety and thus require immediate recommitment without bail. The state could also logically find that alleged probation violators do not present such a threat to public safety, and thus an individualized bail hearing is more appropriate for them. We conclude that the state has a rational basis for distinguishing between alleged parole violators and alleged probation violators in this regard. Therefore, we find no violation of the appellant's equal protection rights.

■ Finally, the appellant submits that the lack of bail violates Clause 3, Section 9, Article I of the United States Constitution, which states, "No Bill of Attainder or ex post facto Law shall be passed." This section of the United States Constitution restricts only the actions of Congress. R.C. 2967.15 was enacted by the Ohio General Assembly, not Congress. Therefore, the appellant plainly has no claim under this provision.

Accordingly, we find that the appellant has not met his burden of proving that R.C. 2967.15 was unconstitutional beyond a reasonable doubt. We hold that the appellant's complaint fails to state a claim upon which relief can be granted. Thus, the trial court did not err in granting the appellees' motion to dismiss pursuant to Civ.R. 12(B)(6).

■ The appellant also submits that the trial court should have granted his motion for default judgment because the appellees had failed to respond, pursuant to Civ.R. 55. However, Civ.R. 55(D) sets forth the following:

"(D) Judgment Against This State. No judgment by default shall be entered against this state, a political subdivision, or officer in his representative capacity or agency of either unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."

Therefore, a plaintiff must prove a prima facie case to get a default judgment when suing the state. *State v. Darden* (1989), 64 Ohio App.3d 691, 694, 582 N.E.2d 1065, 1067–1068. Because our determination regarding the propriety of the granting of the appellees' motion to dismiss leads us to the conclusion that the appellant did not prove a prima facie case, we find that the trial court did not err in denying the appellant's motion for default judgment.

■ Finally, the appellant submits that the trial court erred in denying his motion for summary judgment when the appellees failed to respond to the motion. Civ.R. 56(C) states that summary judgment shall be granted if the moving party is entitled to judgment as a matter of law. The mere fact that the nonmovant does not respond to a motion for summary judgment does not entitle the moving party to judgment. *Morris v. Ohio Cas. Ins. Co.* (1988), 35 Ohio St.3d 45, 517 N.E.2d 904. Therefore, since we have already determined that the appellant was not entitled to judgment as matter of law during our analysis regarding the appellees' motion to dismiss, we find that the trial court did not err in denying the appellant's motion for summary judgment.

Accordingly, we overrule the appellant's sole assignment of error. The judgment of the trial court is affirmed.

*Judgment affirmed.*

PETER B. ABELE, P.J., and GREY, J., concur.