OPINION
On July 8, 1992, defendant-appellant, Manion McCollum, was indicted on two counts of aggravated drug trafficking in violation of R.C. 2925.03(A)(1). Appellant entered not guilty pleas to both charges and the case was set for trial. The state subsequently agreed to nolle one of the aggravated drug trafficking charges in exchange for a guilty plea by appellant to the remaining offense. The trial court accepted appellant's guilty plea and sentenced appellant to a four to fifteen year term of imprisonment.[1]
On September 20, 1996, appellant filed a petition for postconviction relief pursuant to R.C. 2953.21 in which he argued that he had received ineffective assistance of counsel at trial. Appellant thereafter filed a motion for summary judgment pursuant to Civ.R. 56(C). The trial court overruled the motion for summary judgment and denied appellant's petition for postconviction relief in an order dated February 6, 1997. Appellant now appeals setting forth the following assignments of error:
Assignment of Error No. 1:
 TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO CONDUCT AN EVIDENTIARY HEARING UPON THE APPELLANT'S POSTCONVICTION PETITION WHERE APPELLANT'S BURDEN IS ONLY TO ALLEGE FACTS WHICH ARE SUFFICIENTLY OPERATIVE TO DEMONSTRATE HIS CONVICTION WAS VOID OR VOIDABLE BASED ON A CONSTITUTIONAL VIOLATION, AND PROVIDE EVIDENTIARY MATERIALS WHICH SUPPORT THOSE FACTS DEHORS THE RECORD OF TRIAL.
Assignment of Error No. 2:
 TRIAL COURT ERRED IN FAILING TO GRANT SUMMARY JUDGMENT WHERE NO MATERIAL ISSUE OF FACT REMAINED TO BE LITIGATED PURSUANT TO CIVIL RULE 56 AND APPELLANT WAS ENTITLED TO JUDGMENT IN HIS FAVOR AS A MATTER OF LAW.
In his first assignment of error, appellant contends that the trial court erred in denying his petition for postconviction relief without first holding an evidentiary hearing to further develop the facts giving rise to his ineffective assistance of counsel claim. A hearing is not automatically required whenever a petition for postconviction relief is filed. State v. Strutton (1988), 62 Ohio App.3d 248, 251. The test is whether the petition, supporting affidavits, and other relevant evidentiary materials reveal some substantive grounds upon which relief could be granted. State v. Jackson (1980), 64 Ohio St.2d 107, 113. Self-serving affidavits submitted by a defendant in support of his claim for postconviction relief are insufficient to trigger the right to a hearing or to justify granting the petition under R.C. 2953.21. State v. Kapper (1983), 5 Ohio St.3d 36, 38, certiorari denied (1983), 464 U.S. 856, 104 S.Ct. 174; State v. Williams (1991), 74 Ohio App.3d 686, 699.
The only evidence submitted by appellant which supports his ineffective assistance of counsel claim is his own affidavit in which he makes several self-serving statements which impugn trial counsel's performance. Such evidence by itself is insufficient to mandate a hearing or to justify granting postconviction relief under R.C. 2953.21. Kapper at 38; Williams at 699. Accordingly, the trial court did not err in denying appellant's petition for postconviction relief without holding an evidentiary hearing. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant contends that he is entitled to summary judgment on his petition for postconviction relief because the state did not file a memorandum in opposition to his motion for summary judgment. We disagree. A litigant is not entitled to summary judgment by default under Civ.R. 56(C) simply because the nonmoving party elects not to file a memorandum in opposition or other responsive pleading. Morris v. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45, 47; Wilson v. State (1995), 101 Ohio App.3d 487, 494. Therefore, appellant's second assignment of error is overruled. The judgment of the trial court is hereby affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] The trial court initially suspended the sentence of imprisonment and released appellant on probation. However, the court later revoked appellant's probation and reimposed the original four to fifteen year term in December 1994.