DECISION AND JOURNAL ENTRY
Appellant, Janine P. Trubatch, appeals the decision of the Summit County Court of Common Pleas. We affirm in part and reverse in part.
 I.
The following are the facts as set forth in the complaint. In 1993, R.G. Smith Realty listed for sale certain real property. S JC Investments, Inc. had the record legal title of the real property, and Sally Childs was its statutory agent. Sally and James Childs had formerly held title to the real property. Thomas Davis, III., who was accompanied by Rodney Cox, agreed to purchase the property and signed a purchase agreement with Ms. Childs. This agreement designated R.G. Smith Realty as the escrow agent. Subsequently, Mr. Davis and Ms. Childs agreed to modify the agreement into a lease purchase agreement, which required, in part, Mr. Davis to pay $57,208.04 to Ms. Childs by January 25, 1994. Mr. Davis and Donna Fair Davis, his wife, were permitted to take possession of the residence on October 25, 1993. Mr. Davis failed to pay the amount by January 25, 1994. He and Mr. Cox then committed to wire the $57,208.04 into the escrow account within thirty days. Ms. Davis, a former bank employee, was familiar with the general policy of treating wired funds the same as a cash deposit.
On February 25, 1994, Mr. Cox presented a check for deposit to Ms. Trubatch, a teller for Society National Bank, n.k.a Keybank ("Keybank"). The check was a business check of T.D.R. Associates,[1] drawn on an account at First National Bank, and was made payable to R.G. Smith Realty in the amount of $57,208.04. Ms. Trubatch deposited the funds in R.G. Smith Realty's escrow account at Keybank. The following morning, an agent of R.G. Smith Realty called to confirm that $57,208.04 had been deposited in the escrow account. After learning that the funds were available, R.G. Smith Realty paid Ms. Childs her share of the $57,208.04.
The $57,208.04 check, which Mr. Cox presented to Ms. Trubatch, had been drawn on a closed account at First National Bank. Ms. Trubatch, who had been an employee of Keybank for over eighteen years, was informed by her superiors at Keybank that if R.G. Smith Realty did not return the funds, her employment with Keybank would be terminated. R.G. Smith Realty advised Mr. and Ms. Childs that there was a problem with Mr. Davis' deposit and that Keybank had demanded that R.G. Smith Realty return the $57,208.04. R.G. Smith Realty then requested that Ms. Childs return her share of the $57,208.04. Upon the advice of Mr. Childs, Ms. Childs refused to return the funds to either R.G. Smith Realty or Keybank. Consequently, Ms. Trubatch was terminated from employment by Keybank.
On March 23, 1995, Ms. Trubatch filed suit against Mr. Ballinger, Ms. Childs, Mr. Childs, Mr. Cox, Mr. Davis, R.G. Smith Realty Company, and Keybank. The complaint alleged civil conspiracy, fraud, unjust enrichment, and wrongful termination. On February 22, 1996, after extensive discovery, Ms. Trubatch dismissed her suit pursuant to Civ.R. 41(A).
On February 18, 1997, Ms. Trubatch re-filed her suit naming Keybank, Ms. Childs, Mr. Childs, Mr. Cox, Mr. Davis, Ms. Davis, T.D.R. Associates, R.G. Smith Realty, and SJC Investments, Inc. as defendants. This complaint alleged civil conspiracy, fraud, forgery, violations of Ohio's pattern of corrupt activity statute, and wrongful termination.
On April 23, 1998, after further discovery and appropriate pre-trial motions, the trial court granted the motions to dismiss[2] in favor of Ms. Childs, Mr. Childs, Ms. Davis, Mr. Davis, R.G. Smith Realty Company, and SJC Investments, Inc. The trial court also granted Keybank's motion for summary judgment as to civil conspiracy, fraud, forgery, and violation of Ohio's pattern of corrupt activity statute; the wrongful termination claim against Keybank remained. On September 11, 1998, Ms. Trubatch settled her pending claim against Keybank and dismissed with prejudice all claims against Keybank.
On July 15, 1998, Mr. Cox moved for summary judgment on Ms. Trubatch's fraud and civil conspiracy claims; however, Mr. Cox did not move for summary judgment on Ms. Trubatch's pattern of corrupt activity claim, pursuant to R.C. 2923.34(B), which is still pending before the trial court. On October 5, 1998, the trial court granted Mr. Cox's motion for summary judgment. Finally, on November 23, 1999, the claims against T.D.R. Associates were dismissed with prejudice upon Ms. Trubatch's motion. In ruling on the pretrial motions, the trial court used Civ.R. 54(B) language, stating that there was no just reason for delay. This appeal followed.
 II.
Ms. Trubatch asserts three assignments of error. We will address each in due course.
As a preliminary matter, we must address the trial court's conversion of appellees' motions to dismiss to motions for summary judgment.[3] Mr. Childs, Ms. Childs, Mr. Davis, Ms. Davis, SJC Investments, Inc., and R.G. Smith Realty filed motions to dismiss for failure to state a claim upon which relief may be granted. Extensive discovery was conducted and numerous depositions, among other materials, were filed with the trial court by Ms. Trubatch. In its April 23, 1998 order, the trial court stated that "[p]ursuant to Civ.R. 56, the Court will convert these Motions to Dismiss to Motions for Summary Judgment."[4] In granting these motions to dismiss, the trial court applied the standard of review for summary judgment set forth in Civ.R. 56(E).
"[Civ.R. 12(B)] authorizes a trial court to treat a motion to dismiss as a motion for summary judgment when the motion `presents matters outside the pleading[.]'" Rischar v. Yatsko (Sept. 4, 1996), Medina App. No. 2548-M, unreported, at 3. Civ.R. 12(B) states in relevant part:
 When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.
If a trial court exercises this option, instead of simply excluding those matters outside of the pleadings, the court must give the parties notice of its intention to convert the motion "`at least fourteen days before the time fixed for hearing.'" Petrey v. Simon (1983), 4 Ohio St.3d 154, paragraphs one and two of the syllabus. In this case, the trial court converted the motions to dismiss of Ms. Childs, Mr. Childs, R.G. Smith Realty, Ms. Davis, Mr. Davis, and SJC Investments into motions for summary judgment without giving the parties the requisite notice. "[This] error, however, [is] harmless if the complaint did not, as a matter of law, state a claim for relief." Rischar, supra, at 4. Therefore, this court will review the motions to dismiss of Ms. Childs, Mr. Childs, R.G. Smith Realty, SJC Investments, Mr. Davis, and Ms. Davis under the standard of review appropriate for a Civ.R. 12(B)(6) motion to dismiss.
A trial court may grant a motion to dismiss for failure to state a claim upon which relief can be granted only if it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle her to relief. Wilson v. State (1995), 101 Ohio App.3d 487,491. "In resolving a Civ.R. 12(B)(6) motion to dismiss, the trial court may consider only the statements and facts contained in the pleadings and may not consider or rely on evidence outside the complaint." Powell v. Vorys, Sater, Seymour Pease (1998),131 Ohio App.3d 681, 684. For purposes of the Civ.R. 12(B)(6) motion, the trial court must accept all factual allegations as true and make every reasonable inference in favor of the nonmoving party.Shockey v. Wilkinson (1994), 96 Ohio App.3d 91, 94. We review a dismissal under Civ.R. 12(B)(6) de novo. Hunt v. Marksman Prods.,Div. of S/R Industries, Inc. (1995), 101 Ohio App.3d 760, 762.
In the present case, Mr. Cox filed a motion for summary judgment, rather than a motion to dismiss. Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
With the above standards in mind, we now turn to Ms. Trubatch's three assignments of error.
 A. Second Assignment of Error THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF IN GRANTING EACH OF THE DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S FRAUD CLAIM.
Ms. Trubatch avers that the trial court erred in granting the motions to dismiss of Ms. Childs, Mr. Childs, Mr. Davis, Ms. Davis, R.G. Smith Realty, and SJC Investments regarding her fraud claim. We disagree.
In order to establish an actionable claim of fraud, the plaintiff must establish the following elements:
 (a) a representation or, where there is a duty to disclose, concealment of a fact,
(b) which is material to the transaction at hand,
 (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,
 (d) with the intent of misleading another into relying upon it,
 (e) justifiable reliance upon the representation or concealment, and
 (f) a resulting injury proximately caused by the reliance.
Burr v. Stark Cty. Bd. of Commrs. (1986), 23 Ohio St.3d 69, paragraph two of the syllabus. Moreover, in Ohio, plaintiffs must plead with particularity their allegations of fraud. Civ.R. 9(B).
In her complaint, Ms. Trubatch states that Mr. Cox presented a check for deposit to her that was drawn on a closed account. Ms. Trubatch does not allege that she had any communication with any appellee other than Mr. Cox. After carefully considering the pleadings and making all reasonable inferences in favor of Ms. Trubatch, as is required in reviewing a motion to dismiss, we conclude that Ms. Trubatch's complaint failed to state that Ms. Childs, Mr. Childs, Mr. Davis, Ms. Davis, R.G. Smith Realty, or SJC Investments made any false representations to Ms. Trubatch. As such, the trial court properly granted the motions to dismiss on Ms. Trubatch's fraud claim in favor of Ms. Childs, Mr. Childs, Mr. Davis, Ms. Davis, R.G. Smith Realty, and SJC Investments.
As to Mr. Cox's motion for summary judgment, Ms. Trubatch avers that there is a genuine issue of material fact as to whether Mr. Cox committed fraud, and thus, the trial court incorrectly granted summary judgment in his favor. We agree. In his deposition, Mr. Cox admitted to presenting a check for deposit to Ms. Trubatch, which he signed with a fictitious name and knew had been drawn on a closed account.[5] After carefully reviewing the record, we find that there is a genuine issue of material fact as to whether Mr. Cox committed fraud when he presented to Ms. Trubatch a check drawn on T.D.R.'s closed bank account, which arguably contributed to her being terminated from employment with Keybank. Hence, we conclude that the trial court erred in granting summary judgment in favor of Mr. Cox on the fraud claim. Accordingly, Ms. Trubatch's second assignment of error is overruled in part and sustained in part.
 B. First Assignment of Error THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF IN GRANTING EACH OF THE DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S CIVIL CONSPIRACY CLAIM.
In her first assignment of error, Ms. Trubatch avers that the trial court erred in granting appellees' motions to dismiss her civil conspiracy claim. We disagree.
The tort of civil conspiracy is "`a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages.'" Kenty v.Transamerica Premium Ins. Co. (1995), 72 Ohio St.3d 415, 419, quotingLeFort v. Century 21-Maitland Realty Co. (1987), 32 Ohio St.3d 121,126. The Ohio Supreme Court has stated that "[a]n underlying unlawful act is required before a civil conspiracy claim can succeed." Williams v. Aetna Fin. Co. (1998), 83 Ohio St.3d 464,475; see, also, Gosden v. Louis (1996), 116 Ohio App.3d 195,219.
In the present case, Ms. Trubatch has failed to allege in her complaint that any of the appellees conspired to injure Ms. Trubatch through writing a bogus check drawn on T.D.R.'s closed account. Rather, in her complaint, Ms. Trubatch avers that Mr. Cox committed a fraudulent act by knowingly passing a bad check and that the remaining appellees conspired with Mr. Cox because each of these appellees benefited from Mr. Cox's fraudulent act in some way and failed to disgorge the benefit, i.e., Mr. and Ms. Davis kept the real property and Mr. and Ms. Childs kept the down payment. This allegation however fails to state an actionable civil conspiracy claim. Hence, we conclude that the trial court properly granted the motions to dismiss of Mr. Childs, Ms. Childs, SJC Investments, R.G. Smith Realty, Mr. Davis, and Ms. Davis regarding the civil conspiracy claim.
Further, we find that there is no genuine issue of material fact regarding the civil conspiracy claim against Mr. Cox. The evidence in the record demonstrates that only Mr. Cox knew about his passing the bad check, prior to the act. Ms. Trubatch has failed to point to portions of the record which demonstrate a genuine issue of material fact as to whether the other appellees knew about or conspired with Mr. Cox in writing and passing the fraudulent check. Hence, we conclude that the trial court did not err in granting Mr. Cox's motion for summary judgment on the civil conspiracy claim. Ms. Trubatch's first assignment of error is overruled.
 C. Third Assignment of Error THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF IN GRANTING EACH OF THE DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S STATUTORY CIVIL ACTION FOR DAMAGES BROUGHT UNDER AUTHORITY OF R.C. 2923.34(B) AND (F).
Ms. Trubatch contends that the trial court erred in dismissing her pattern of corrupt activity ("PCA") claims against Ms. Childs, Mr. Childs, SJC Investments, R.G. Smith Realty, Mr. Davis, and Ms. Davis. She further contends that the trial court erred in granting summary judgment in favor of Mr. Cox as to her PCA claim.[6] We disagree.
A civil PCA claim may be brought by "[a]ny person who is injured or threatened with injury by a violation of [R.C.] 2923.32[.]" R.C. 2923.34(B). R.C. 2923.32(A) provides in relevant part:
 (1) No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt.
 (2) No person, through a pattern of corrupt activity or the collection of an unlawful debt, shall acquire or maintain, directly or indirectly, any interest in, or control of, any enterprise or real property.
 (3) No person, who knowingly has received any proceeds derived, directly or indirectly, from a pattern of corrupt activity or the collection of any unlawful debt, shall use or invest, directly or indirectly, any part of those proceeds, or any proceeds derived from the use or investment of any of those proceeds, in the acquisition of any title to, or any right, interest, or equity in, real property or in the establishment or operation of any enterprise.
Thus, the statute requires a "[p]attern of corrupt activity," which is defined as
 two or more incidents of corrupt activity, whether or not there has been a prior conviction, that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event.
R.C. 2923.31(E).
We find that the trial court correctly granted the motions to dismiss of Ms. Childs, Mr. Childs, R.G. Smith Realty, SJC Investments, Mr. Davis, and Ms. Davis regarding her PCA claim. In her complaint, Ms. Trubatch merely describes events relating to the alleged scheme to defraud Keybank of over $57,000. She does not allege two or more incidents of corrupt activity as described in R.C 2923.31(E). As Ms. Trubatch failed to allege a pattern of corrupt activity in her complaint, we hold that the trial court did not err in granting the motions to dismiss of Ms. Childs, Mr. Childs, SJC Investments, R.G. Smith Realty, Mr. Davis, and Ms. Davis. Consequently, Ms. Trubatch's third assignment of error is overruled.
 III.
Appellant's first and third assignments of error are overruled. Her second assignment of error is overruled in part and sustained in part. Accordingly, the judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
WILLIAM G. BATCHELDER, FOR THE COURT, BAIRD, J., WHITMORE, J.,CONCUR.
[1] According to the complaint, Thomas Davis, Donna Fair Davis, and Rodney Cox had formerly formed an enterprise called T.D.R. Associates.
[2] In its order dismissing Ms. Trubatch's claims, the trial court converted the motions to dismiss into motions for summary judgment. This conversion will be addressed below.
[3] In her appellate brief, Ms. Trubatch argues that summary judgment should not have been granted in favor of appellees because appellees failed to meet their Dresher burden. SeeDresher v. Burt (1996), 75 Ohio St.3d 280. However, appellees, with the exception of Mr. Cox, filed motions to dismiss. In reviewing such motions, the trial court may only consider the statements and facts contained in the complaint.
[4] At this time, Mr. Cox had not yet filed his motion for summary judgment.
[5] In his deposition, Mr. Cox testified that he thought a personal loan company would be wiring the money into T.D.R.'s closed account.
[6] In his motion for summary judgment on July 15, 1998, Mr. Cox only moved for summary judgment on Ms. Trubatch's civil conspiracy and fraud claims. He did not move for summary judgment on Ms. Trubatch's PCA claim. On October 5, 1998, the trial court granted Mr. Cox's motion for summary judgment. Thus, the PCA claim remains pending before the trial court, and we lack jurisdiction to determine its merits.