DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Gregory Paul, appeals the dismissal of his action in the Summit County Court of Common Pleas. We reverse.
World Metals, Incorporated, appellee, employed Mr. Paul at the time of the incident which resulted in the filing of the complaint herein. In that incident, on October 30, 1997, Mr. Paul received third-degree burns at his work place due to his proximity to molten steel. He filed his complaint in the instant action seeking damages from his employer on February 15, 2000.
On March 6, 2000, World Metals filed a motion to dismiss pursuant to Civ.R. 12(B)(6) based on the statute of limitations it considered applicable to this cause of action and the operation of the saving statute. World Metals averred in its motion that Mr. Paul had originally filed his complaint on October 29, 1998 and then voluntarily dismissed that complaint without prejudice on February 16, 1999. At the time Mr. Paul filed his original complaint, the applicable statute of limitations was one year pursuant to R.C. 2745.01 and 2305.112. R.C. 2745.01
delimited the scope of an employer's intentional tort liability, and R.C. 2305.112 provided the applicable statute of limitations for such causes of action. However, R.C. 2745.01 was found to be unconstitutional by the Ohio Supreme Court on April 14, 1999 in Johnson v. BP Chemicals,Inc. (1999), 85 Ohio St.3d 298, syllabus. Accordingly, World Metals asserted that the two-year statute of limitations set forth in R.C. 2305.10
was applicable.
Based on these facts, the validity of which we do not pass upon, World Metals asserted that, although Mr. Paul dismissed his claim before the Ohio Supreme Court rendered its decision, the saving statute enacted at R.C. 2305.19 was not invoked. In short, World Metals argued that the one-year statute of limitations was not in effect when Mr. Paul dismissed his cause of action because a later judicial decision found R.C. 2745.01
to be unconstitutional. Rather, World Metals asserted that the two-year statute of limitations was applicable and, when Mr. Paul dismissed his action, the two-year statute of limitations had not yet run. Hence, World Metals asserted that R.C. 2305.19 did not act to give Mr. Paul an additional year from the date of the filing of his voluntary dismissal because the time for the commencement of his action had not yet expired on the date of his voluntary dismissal. Accordingly, World Metals averred that the two-year statute of limitations had expired when Mr. Paul refiled his complaint and that Mr. Paul could not avail himself of the saving statute.[1] Mr. Paul responded in opposition to World Metals' arguments on May 10, 2000. The trial court reluctantly found World Metals' arguments to be persuasive and dismissed Mr. Paul's complaint on May 17, 2000. This appeal followed.
Mr. Paul asserts one assignment of error:
 THE TRIAL COURT ERRED WHEN IT GRANTED THE APPELLEE'S MOTION TO DISMISS ON THE BASIS OF [sic] STATUTE OF LIMITATIONS[.]
Mr. Paul avers that the trial court erred in finding the two-year statute of limitations applicable to the saving statute because, at the time the action was voluntarily dismissed, the one-year statute of limitations was still operative. Hence, essentially, he avers that the Ohio Supreme Court's decision holding the one-year statute of limitations unconstitutional should not be applied retroactively to the point in time at which he voluntarily dismissed his first complaint because his rights under the saving statute vested before the Ohio Supreme Court's decision was rendered. Further, he avers that, even if the Ohio Supreme Court's decision is applied retroactively, the trial court erred in applying the statute of limitations set forth in R.C. 2305.10 rather than that set forth in R.C. 2305.111. Although based on a more fundamental principle, we agree that the trial court erred in granting the motion to dismiss.
A trial court may grant a motion to dismiss for failure to state a claim upon which relief can be granted only if it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. Wilson v. State (1995), 101 Ohio App.3d 487, 491. For purposes of the Civ.R. 12(B)(6) motion, the trial court must accept all factual allegations as true and make every reasonable inference in favor of the nonmoving party. Shockey v. Wilkinson (1994), 96 Ohio App.3d 91, 94. The trial court's focus should be strictly upon the complaint as factual findings are never required. See State ex rel. Drake v. Athens Cty. Bd.of Elections (1988), 39 Ohio St.3d 40, 41. We review a dismissal under Civ.R. 12(B)(6) de novo. Hunt v. Marksman Prod., Div. of S/R Industries,Inc. (1995), 101 Ohio App.3d 760, 762.
A motion to dismiss pursuant to Civ.R. 12(B) may not be based upon an affirmative defense not listed under Civ.R. 12(B) because: (1) the burden to plead the defense is on the defendant not the plaintiff; (2) pursuant to Civ.R. 8(C), it is incumbent upon the defendant to plead an affirmative defense in his responsive pleading; and (3) Civ.R. 12(B) envisages seven specific, enumerated defenses that may be raised by motion prior to a responsive pleading. Tarry v. Fechko Excavating, Inc.
(Nov. 3, 1999), Lorain App. No. 98CA007180, unreported, at 3; see, also,Oliver v. Wagner (Dec. 8, 1999), Medina App. No. 2832-M, unreported, at 5. Furthermore, this court has previously held that defenses such as resjudicata, the statute of limitations, and sovereign immunity are not defenses that are specifically permitted to be raised by Civ.R. 12(B) prior to a responsive pleading; therefore, they may not be asserted on a motion to dismiss pursuant to Civ.R. 12(B). State ex rel. Carter v.Vermilion (May 24, 2000), Lorain App. No. 98CA007275, unreported, at 4;Oliver, supra; Tarry, supra.
The cause herein presents on the trial court's dismissal of Mr. Paul's complaint pursuant to Civ.R. 12(B)(6) based on the statute of limitations. Initially, we note that the facts upon which the trial court based its decision were not set forth in the complaint. "To conclusively show that the statute of limitations bars the action, the complaint must demonstrate both the relevant statute of limitations and the absence of factors which would toll the statute, or make the [sic] it inapplicable."Tarry, supra, at 4. The complaint merely sets forth the date of the accident and does not recount the filing of Mr. Paul's first complaint, voluntary dismissal, or the like. Hence, the trial court did not base its decision strictly on the face of the complaint. Be that as it may, the affirmative defense of the statute of limitations, see Civ.R. 8(C), neither must be pleaded in the complaint as an element of the instant tort action nor is it listed as one of the enumerated defenses which may be raised by motion pursuant to Civ.R. 12(B). Hence, we conclude that the trial court erred in dismissing Mr. Paul's complaint pursuant to Civ.R. 12(B).
Mr. Paul's assignment of error is sustained to the extent he avers that the trial court erred in granting World Metals' motion to dismiss and, in remaining part, is rendered moot. Accordingly, we decline to address whether a statute of limitations applies to bar Mr. Paul's action or whether R.C. 2305.19 applies to save it. App.R. 12(A)(1)(c). The judgment of the Summit County Court of Common Pleas is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
BAIRD, J., SLABY, J., CONCUR
[1] We do not pass on the merits of these arguments but only recount them as background to the instant appeal.