This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant, City of Sebring (hereinafter "City"), appeals the trial court's decision granting Default Judgment against the City in favor of Appellees, Robert Good, Kris Good, Michael Seidel and Sari Seidel (hereinafter "Appellees"). The issue before us is whether the trial court erred by granting default judgment against a political subdivision without an evidentiary hearing, upon remand, and whether the case is to proceed on the default motion or on the merits. For the following reasons, we reverse the judgment of the trial court and remand this case for a hearing on Appellees' motion for default judgment.
On May 30, 2000, the Appellees filed a complaint for declaratory and injunctive relief against the City and obtained service on June 8, 2000. On June 20, 2000, the City moved for an extension of time to file responsive pleadings or motions, which the trial court granted, giving the City leave until July 20, 2000. On October 13, 2000, as the City failed to file a responsive pleading, and its leave to plead had expired, the Appellees moved for default judgment. The trial court considered the motion on October 31, 2000, but did not take evidence at that hearing, and granted default judgment on November 2, 2000.
We reverse the judgment of the trial court because it failed to conduct an evidentiary hearing before granting Appellees' motion for default judgment against a political subdivision in violation of Civ.R. 55(D), and remand for such a hearing.
The City's sole assignment of error argues:
 "The granting of a default judgment against Appellant, a municipal corporation existing under the laws and constitution of the State of Ohio, is contrary to law and constitutes reversible error." Pursuant to Civ.R. 55, a party who fails to file a timely responsive pleading or otherwise defend an action may have a default judgment entered against it. However, no default judgment may be entered against the State, its political subdivisions, or its officers "unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." Civ.R. 55(D). "[A] default judgment against the state is not absolutely prohibited, but the court must look beyond the simple admissions resulting from a failure to serve a responsive pleading." State ex rel. Shimola v. Cleveland (1994), 70 Ohio St.3d 110, 112, 637 N.E.2d 325, 326, citing 1 Klein, Browne 
Murtaugh, Baldwin's Ohio Civil Practice (1988) 311, T 25.02(B)(2). In order to obtain a default judgment when suing the City, the Appellees must prove a prima facie case. Wilson v. State (1995), 101 Ohio App.3d 487, 494, 655 N.E.2d 1348, 1352.
Both parties agree, and it is clear from the record that the trial court did not take any evidence prior to its entry of default judgment. The trial court erred by granting the default judgment in the absence of evidence propounded by the Appellees to establish their claim for relief. Therefore, the City's assignment of error is meritorious and the trial court's judgment should be reversed.
The dispute between the parties in this appeal is not the substance of the appeal, but rather with its disposition. Currently, the only motion before the trial court is a motion for default judgment. The City argues this court should remand this case for further proceedings on the merits. However, we may not do so because the City has yet to file a responsive pleading to the Appellees' complaint. Pursuant to Civ.R. 6(B)(2), after the period for filing an answer has expired, an answer may be filed only upon motion for leave and a showing of excusable neglect.Miller v. Lint (1980), 62 Ohio St.2d 209, 214, 16 O.O.3d 244, 247,404 N.E.2d 752, 755. We may not allow the City to file its answer absent the aforementioned motion for leave and showing of excusable neglect which, procedurally, must be made to the trial court. Likewise, we cannot allow a default judgment without the showing required by Civ.R. 55(D).
For the foregoing reasons, Appellant's assignment of error is meritorious. The decision of the trial court is reversed, and the case is remanded for an evidentiary hearing on Appellees' motion for default judgment pursuant to Civ.R. 55(D).
Vukovich, P.J., Concurs.
Donofrio, J., Concurs.