OPINION
{¶ 1} Khadijah M. Jacob-Fambro (Fambro) is appealing from the decision of the trial court entered April 14, 2003, denying her motion to vacate the judgment entered by the court earlier on August 12, 2002, which was a default judgment against the appellant.
 {¶ 2} Fambro filed, pro se, in this court on July 9, 2003, a "Motion to Dismiss Complaint," but she also marked it in ink "My Brief." As the appellee points out in its brief, this filing by Fambro fails to comply with App.R. 16(A) which sets forth the requirements for appellate briefs. We could dismiss this appeal on that ground alone, but we will not. We will construe her filing as her brief and find that it seems to contain two assignments, although she has not labeled them as assignments of error. She claims that she never received proper service of the complaint. She raised this issue to the trial court in a motion to vacate the prior judgment. This motion was heard by the trial court which entered its following decision:
 {¶ 3} "This matter is before the Court following hearing on the Defendant's Motion to Vacate the Judgment entered by this Court on August 12, 2002. The Defendant testified that she did not receive service of any of the documentation from the Court or the Plaintiff at the Post Office Box, however the Defendant admitted that she contacted the Plaintiff after receiving notice of the Default Judgment in this matter. The testimony of the Defendant was not credible in this matter regarding the receipt of service, or lack thereof.
 {¶ 4} "This Court has not been provided sufficient evidence to vacate the Judgment Entry in this matter. It is therefore ordered that the entry of August 12, 2002 and subsequent Orders shall remain in full force and effect.
 {¶ 5} "So ordered." (Docket 29).
 {¶ 6} It is well accepted that questions of credibility are for the trier of the fact, and no citations are needed to support that rule. The assignment of error regarding docket service is overruled.
 {¶ 7} Fambro then complains that the complaint was filed in the wrong court which she claims lacks venue under the federal fair debt collection practices act. We cannot find anyplace in the record where this issue was raised in the trial court. She has, therefore, waived it. It is also well accepted that arguments not presented to the trial court cannot be properly before the Court of Appeals. State v. Douglas (1989),66 Ohio App.3d 788, 790. The second assignment of error is overruled, and the judgment is affirmed.
Brogan, J., Wolff, J., and Young, J., concur.