OPINION
{¶ 1} The State of Ohio is appealing, pursuant to R.C.2945.67(A) and Crim.R. 12(K), the decision of the trial court granting appellee/defendant's (Jobes) motion to suppress evidence that had been acquired after police officers had entered Jobes' trailer home, without permission, in order to effect an arrest of him for some misdemeanor charges they intended to file against him.
 {¶ 2} The facts of the matter and the rationale of the decision of the trial court are set forth clearly and concisely in its opinion and decision, as follows:
 {¶ 3} "This case is before the Court for finding on hearing Defendant's Motion to Suppress Evidence.
 {¶ 4} "On April 4, 2003, the Riverside police made two visits to William Jobes' home, once at approximately 5:00 p.m. and another two hours later. The first visit was for a domestic disturbance involving Defendant and his soon to be ex-girlfriend. During the first visit, the Defendant committed no crimes in the presence of any police officers. At 6:53 p.m. police are again summoned. The reason for the second visit was that the Defendant's neighbors had called to complain about his disorderly behavior inside his residence. The police took at face value the neighbors story of the Defendant's having pushed over a china cabinet and then pointed his finger at one of them and saying `bang.' The police officer decided to talk with the Defendant. The police officer knocked on the Defendant's door and announced his presence, and announced that when the Defendant opened the door, he would be placed under arrest. When the Defendant chose not to answer the door, the police drew their weapons and broke the door down. Upon entering the Defendant's trailer, the police found the Defendant standing with a gun drawn and pointed at the officers, at which point they ran out of the trailer. The officers heard what they believed to be a gun shot but reportedly never re-entered the Defendant's home to find out in which direction the Defendant had fired the gun, if he had at all.
 {¶ 5} "In Payton v. New York, the United States Supreme Court announced that warrant less searches or seizures inside one's home are by presumption unreasonable. Payton v. New York,44 U.S. 573, 586 (1980). As Justice Stevens wrote, `TheFourth Amendment protects the individual's privacy in a variety of settings. In none is the zone of privacy more clearly defined than when bounded by the unambiguous physical dimensions of an individual's home.' Id. at 589. In other words, the threshold to a person's home may not be reasonably crossed by the police for the purpose of searching or seizing either person or property absent a warrant. Id. at 591.
 {¶ 6} "According to Ohio Revised Code § 2935.03, the police may make warrant less arrests only under certain circumstances. Normally, for a police officer to arrest a person for committing a misdemeanor, it must have been committed in the arresting officer's presence. However, the commission of certain offenses allows the police officer to proceed so long as certain statutory requirements are met. The police need reasonable grounds to believe that the offense was committed by that particular defendant, and the next section of the statute defines reasonable grounds. Without those reasonable grounds, the arrest will be deemed defective, and any statements made as a result of a faulty arrest must be suppressed. Brown v. Illinois, 45 L.Ed.2d 416;Taylor v. Alabama, 73 L.Ed.2d 314; and State v. Luck,15 Ohio St.3d 150.
 {¶ 7} "None of those reasonable grounds were present in this case. Although the police officers were entirely correct in attempting to talk with the Defendant upon receiving his neighbors' complaints, they did not possess enough factual information at the time they entered the Defendant's home to qualify as reasonable grounds in order to make a valid arrest. The only information upon which the officers could act at that time was the statement by the neighbors of the Defendant's having pushed over a cabinet, pointed at someone and saying `bang,' and a report from the police dispatcher that the Defendant might have a weapon. These facts do not add up to the requirements set forth in § 2935.03.
 {¶ 8} "For the foregoing reasons, Defendant's Motion is well taken and SUSTAINED. Any evidence or statements derived from the entry into Defendant's residence or statements rendered by Defendant thereafter are suppressed from use in the State's case-in-chief.
 {¶ 9} SO ORDERED." (Docket 12).
 {¶ 10} On appeal, the State concedes "that the officers erred when they broke into the Defendant's house to arrest him based on the complaints' allegations. And clearly the officers did err." (Brief, 3-4). The State admits that the officers violated theFourth Amendment of the U.S. Constitution as well as R.C. 2935. 03, which prohibits warrantless searches of a residence absent certain stated exceptions. None of the exceptions were present in this matter, as the trial court noted.
 {¶ 11} While the State does not contest the unlawfulness of the warrantless entry, it argues that the suppression was an error on new grounds not raised to the trial court. This new argument is presented in the State's sole assignment of error, as follows:
 {¶ 12} "The trial court erred when it sustained defendant's motion to suppress because defendant's independent criminal actions justified his arrest and search incident thereto."
 {¶ 13} Jobes was charged with two counts of felonious assault on a police officer by use of a deadly weapon, a violation of R.C. 2903.11(A)(2) and a firearm specification on each count. These charges are based upon the act of Jobes standing in his home as the two officers entered with a raised gun pointed directly at the officers. (Suppression hearing, Tr. 9). The State points out that Jobes' act of assaulting the two police officers with a weapon pointed at them was his separate and independent act, not related to the misdemeanors the officers had in mind to justify their entry. Three of the decisions of this court itself are cited by the State to support its argument.
 {¶ 14} In reviewing the trial court's decision, we find there are no disputes about the facts of this case, and to the extent of the ground covered by the trial court, we approve and adopt its decision as our own as far as it goes. But we must independently determine as a matter of law, without deference to the trial court's conclusion, if the facts meet the applicable legal standard. State v. Deters (1998),128 Ohio App.3d 329-334. In State v. Nelson (Mar. 9, 2001), Champaign App. No. 00CA12, this court found a custodial arrest lawful, but went on to add:
 {¶ 15} "Even assuming arguendo that Defendant's original arrest at the scene by Officer Michael was illegal, in cases where an accused has responded to an illegal arrest by physically attacking the officer, courts have held that evidence of this new, independent crime is admissible. See State v. Barnes
(December 5, 1997), Montgomery App. No. 16434, unreported. In such cases, no exploitation of the prior illegality by police is involved. Id.
 {¶ 16} "3. The fruit of the poisonous tree doctrine has not been applied by courts to all fruits in a `but for' fashion. Id. The conduct of Defendant subsequent to his arrest in assaulting police officers and paramedics at the police station, which is what Defendant seeks to have suppressed, are new, independent acts of willful misconduct which involve no exploitation by police of his earlier arrest. Defendant's criminal conduct at the police station is completely separate from the offenses police were investigating when they originally arrested Defendant. The rationale behind the exclusionary rule simply does not reach that far to bar evidence of this new crime. Barnes, supra."
 {¶ 17} In our earlier case of State v. Barnes, supra, which we cited in Nelson, above, this court recognized, apparently for the first time, the doctrine set forth by the State in this appeal, as follows:
 {¶ 18} "In cases where the response has been a physical attack upon the officer making the illegal arrest or search, courts have held that the evidence of this new crime is admissible. Illustrative is Commonwealth v. Saia,,372 Mass. 53, 360 N.E.2d 329 (1977) where an officer was attacked by two men after he had made an entry into their premises. Although the court was inclined to the view that the entry was lawful, it was held that the evidence of this assault would be admissible even if the officer had been engaged in an illegal search:
 "* * * {¶ 19} "4. Suppose a police officer or other person had been killed in the affray that allegedly occurred here. That hypothesis illustrates the inappropriateness of any ruling that the observations of the police were inadmissible under the exclusionary rule in the circumstances of these cases."
 {¶ 20} In Barnes, we added that while it is sometimes said by way of explanation that an attack upon an officer in these circumstances is a "free and independent action," we went on to state that the better basis of distinction is that no exploitation of the prior illegality is involved and that the rationale of the exclusionary rule does not justify its extension to this extreme. "Application of the exclusionary rule in such fashion," as one court put it, "would in effect give the victims of illegal searches a license to assault and murder the officers involved — a result manifestly unacceptable." Then we referred to cases cited in LaFave, Search and Seizure (3d Ed.), 340.
 {¶ 21} The appellee argues that our prior decisions cited above were only dicta and the assaults upon the officers occurred outside the defendant's home. We cannot find that the sanctity of the home justifies a felonious assault on police officers inside the home as distinct from outside. The appellee also argues that the time between the illegal entry by the police officers and their threat of assault on them by Jobes was so short that the assault had to be part of the initial unlawful entry action. We fail to see how that fact excuses the assault against the police officers.
 {¶ 22} The appellee also cites that the act of resisting arrest has been suppressed when the altercation occurred inside the illegally entered home. Elyria v. Tress (1991),73 Ohio App.3d 5. But that case is not apropos as the issue there was the question of whether resisting an unlawful arrest is allowed by law, and the court in that case in a two to one decision found that it was. This is not a case here of resisting arrest by struggling against police officers, it is a case where Jobes committed an assault by pointedly threatening police officers with a gun.
 {¶ 23} While we think it is unfortunate that the issue raised by the State on appeal was not initially presented to the trial court, we must apply the law as it stands to the facts correctly set forth by the trial court and reverse its decision on the new ground that is set forth herein.
 {¶ 24} While we ordinarily would not consider an argument not first presented to the trial court, State v. Douglas (1989),66 Ohio App.3d 788, 790, that decision is discretionary with the reviewing court. In re M.D. (1988), 38 Ohio St.3d 149. Also see Crim.R. 52(B), which provides that "plain errors or defects reflecting substantial rights may be noticed although they were not brought to the attention of the court."
 {¶ 25} In the case before us, not only does the failure to consider the issue of the independent acts of Jobes affect the substantial right of the State to bring offenders to justice, we believe it would be a waste of judicial resources to remand this case back to the trial court for it to first consider the independent act argument brought on appeal by the State.
 {¶ 26} The assignment of error is sustained, the judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.
Brogan, J. and Wolff, J., concur.