[Cite as *State v. Penn*, 2011-Ohio-2918.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95563**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LUCAS O. PENN

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-519314

**BEFORE:** Celebrezze, J., Kilbane, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 16, 2011

**ATTORNEY FOR APPELLANT**

Kelly A. Gallagher
P.O. Box 306
Avon Lake, Ohio   44012


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Maxwell M. Martin
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


FRANK D. CELEBREZZE, JR., J.:

{¶ 1}   Appellant, Lucas Penn, was arrested following a foot chase where he was seen by a Cleveland police officer discarding a firearm as he ran. Appellant was convicted of carrying a concealed weapon.  He now appeals claiming the "trial court erred in denying [his] motion to suppress."  After a thorough review of the facts and law, we affirm.

{¶ 2} Vice detectives of the Cleveland Police Department were conducting controlled drug buys in the area of Gooding Avenue in Cleveland. Detective Rodney McClendon testified at appellant's suppression hearing that the vice unit was being assisted by patrol officer James Dunn.  While the officers were there, they received a few broadcasts that several robberies had

occurred in the area. The report contained the descriptions of a vehicle involved and two male individuals responsible.

{¶ 3} Sometime after receiving the report, the officers observed a vehicle matching the description, a white Ford Escort with a dent in its right front side. The officers gave chase, but they eventually lost sight of the vehicle. After a brief search, the vehicle was discovered behind a home or apartment building by Officer Dunn. Det. McClendon testified that, by looking through the window, he observed bullets for a gun sitting on the seat of the vehicle.

{¶ 4} Eventually, the owner of the vehicle was located, and she told the officers that her boyfriend had been driving it. She provided them with an address where the boyfriend could be located. The officers headed to this location, some seven blocks away. Once there, Det. McClendon was let into the home and talked to the residents, but did not find the two individuals. Det. McClendon testified that once he was outside and driving away, he observed a male, later identified as appellant, walking down the street who fit the description of one of the occupants of the car. He ordered the individual to stop, the individual ran, and the officers gave chase.

{¶ 5} Officer Dunn had been waiting on the street some distance from the house while the detectives were inside and after they left. He observed appellant running  and being chased by police officers. He then pursued

appellant on foot. After Officer Dunn closed the gap to approximately ten feet, he observed appellant lift his shirt, retrieve a gun from his pocket or waistband with his left hand, and toss the gun into some bushes. A short time later, appellant was apprehended after Officer Dunn deployed his taser.

{¶ 6} At trial, appellant was convicted of carrying a concealed weapon in violation of R.C. 2923.12(A)(2) and sentenced to a one-year term of incarceration.

## Law and Analysis

{¶ 7} "In a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility. A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence. However, without deference to the trial court's conclusion, it must be determined independently whether, as a matter of law, the facts meet the appropriate legal standard." (Internal citations omitted.) *State v. Curry* (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172.

{¶ 8} The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. *Katz v. United States* (1967), 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576. Common exceptions include

consensual encounters with police officers and investigative or *Terry* stops. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889.

{¶ 9} Under *Terry*, a police officer may stop a person and investigate, even without probable cause to arrest, if he has sufficient evidence to reasonably conclude that criminal activity is afoot. The officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion." *Terry* at 21. An investigatory stop "must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." *United States v. Cortez* (1981), 449 U.S. 411, 417, 101 S.Ct. 690, 66 L.Ed.2d 621.

{¶ 10} "In determining the reasonableness of the officer's belief, courts examine the totality of the circumstances, including the following factors: (1) whether the location of the contact is an area of high crime or high drug activity, (2) the suspect's non-compliance with the officer's orders, (3) the time of the occurrence, (4) the officer's experience, (5) the lack of backup for the officer, (6) the contact's location away from the police cruiser, (7) whether the suspect is fleeing the officer or the scene, (8) any furtive movements by the suspect, (9) the precautionary measures taken by the officer, and (10) the suspected offense." (Internal citations omitted.) *State v. Stiles*, Ashtabula App. No. 2002-A-0078, 2003-Ohio-5535, ¶17.

**{¶ 11}** The state argues that a stop did not take place until appellant submitted to the show of authority, and therefore appellant was not in custody when he discarded the weapon. See *California v. Hodari D.* (1991), 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690. However, the state did not make this argument before the trial court, and at least a few appellate courts in Ohio, including this one, have been reticent to address arguments by the state that were not raised before the trial court at the suppression hearing. See *State v. Jobes*, Montgomery App. No. 20210, 2004-Ohio-1167; *State v. Massingill*, Cuyahoga App. No. 92813, 2009-Ohio-6221.

**{¶ 12}** Even though this court is charged with determining if the trial court applied the facts of the case to the appropriate legal standard, if the state does not argue an applicable legal standard below, we are not required to address it for the first time on appeal. *Jobes* at ¶24. In this case, we need not wade into an analysis of prejudice and plain error necessary to address the state's new contention because it presented sufficient evidence to demonstrate that officers possessed a reasonable suspicion of criminal activity when Det. McClendon shouted at appellant to stop.

**{¶ 13}** Appellant argues that Det. McClendon lacked probable cause to stop him at the time the detective instructed him to stop and he fled. Det. McClendon observed a vehicle drive by that matched the description of one used in a series of recent armed robberies. After pursuit of the vehicle, the

officers were directed to a house where one of the suspects resided. Appellant matched the description the officers had heard over the radio in connection with the robberies. More importantly, Det. McClendon testified that appellant fit the description of one of the individuals he had seen in the vehicle as it drove by. Appellant was encountered a few houses down from where the officers had been directed by the owner of the vehicle. Based on all of these circumstances, Det. McClendon's attempt to inquire of appellant his name and his business in the area to determine if he was one of the robbery suspects was supported by a reasonable suspicion of criminal activity.

{¶ 14} Because the attempt to investigate appellant was lawful, the trial court properly overruled appellant's motion to suppress. Appellant's single assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

MARY EILEEN KILBANE, A.J., and
SEAN C. GALLAGHER, J., CONCUR