DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Gary Sweet d.b.a. Sweet's Gourmet Sweet Corn ("Sweet Corn"), appeals from the judgment of the Lorain County Court of Common Pleas that granted the motion to dismiss of Appellee, the City of North Ridgeville ("North Ridgeville"), and which denied Sweet Corn's request for declaratory judgment. We affirm.
 I. {¶ 2} Mr. Sweet is a resident of North Ridgeville, Ohio, in Lorain County, and runs Sweet Corn, a business engaged in the planting, growing, producing, and selling of sweet corn in northeast Ohio. Sweet Corn owns and rents approximately 100 acres of land in North Ridgeville for these operations.
 {¶ 3} In the years 2001-2002, North Ridgeville experienced a severe drought. At that time, Sweet Corn desired to purchase meters, backflow protection systems, and water from North Ridgeville for its operations, but asserted that North Ridgeville refused to sell it these items.
 {¶ 4} On November 12, 2002, Sweet Corn filed a complaint against North Ridgeville and its mayor, asserting that North Ridgeville intentionally, willfully, and wantonly refused to sell it meters, backflow systems, and water, in contravention of the North Ridgeville Municipal Code Chapter 1046 (the "Code"); that North Ridgeville negligently and unreasonably refused to sell these items, in contravention of the Code; and seeking declaratory judgment that North Ridgeville's actions contravened the provisions of the Code concerning water sales. Sweet Corn requested compensatory and punitive damages and maintained, that, as a direct and proximate result of North Ridgeville's failure to sell it the items, Sweet Corn suffered lost earnings and foreseeable profits, was required to expend costs to mitigate its damages, and was threatened with the loss of the business. Sweet Corn also filed a motion for judicial notice of the North Ridgeville Municipal Code Chapter 1046.
 {¶ 5} On December 18, 2002, North Ridgeville filed a Civ.R. 12(B)(6) motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Sweet Corn opposed the motion.
 {¶ 6} On July 7, 2004,[1] the trial court issued a judgment entry granting North Ridgeville's motion to dismiss, finding that Sweet Corn could not prove any facts that would entitle it to relief. Having granted the motion to dismiss, the court denied Sweet Corn's declaratory judgment action, reasoning that a justiciable controversy did not exist between the parties. This appeal followed.
 {¶ 7} Sweet Corn timely appealed, asserting one assignment of error for review.
 II. Assignment of Error
"The trial court erred in granting appellees' CIV.R. 12(B)(6) Motion to dismiss for failure to State a claim upon which relief can be granted. specifically, the trial court erred in finding that appellee, the city of north ridgeville, had no duty to provide appellant gary sweet, d.b.a. sweet's gourmet Sweet Corn, with water for farming purposes."
 {¶ 8} In its sole assignment of error, Sweet Corn contends that the trial court erred when it found that North Ridgeville had no duty to provide it with water for its farming operations, and thereby erred in dismissing its claim. We disagree.
 {¶ 9} A reviewing court reviews a dismissal under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted de novo. Huntv. Marksman Prods. (1995), 101 Ohio App.3d 760, 762. A trial court may grant a motion to dismiss for failure to state a claim upon which relief can be granted only if it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle her to relief.Wilson v. State (1995), 101 Ohio App.3d 487, 491. For purposes of the Civ.R. 12(B)(6) motion, the trial court must accept all factual allegations in the complaint as true and make every reasonable inference in favor of the nonmoving party. Shockey v. Wilkinson (1994),96 Ohio App.3d 91, 93.
 {¶ 10} In its complaint, Sweet Corn alleged that North Ridgeville negligently, intentionally, willfully, and wantonly refused to sell meters, backflow systems and/or water to Sweet Corn in the years 2001 and 2002. Sweet Corn also asserted that they suffered compensable damages from North Ridgeville's actions, or lack thereof. On appeal, Sweet Corn argues that the trial court refused to accept these factual allegations as true, and that it set forth factual allegations sufficient to entitle it to relief.
 {¶ 11} Sweet Corn first argues that the trial court was obliged to accept as true its assertion that North Ridgeville "negligently and unreasonably refused to sell meters, backflow systems and/or water" to Sweet Corn. Sweet Corn maintains that it "clearly alleged that the City of North Ridgeville's actions constituted negligence as well as intentional, willful and wanton misconduct[,]" and that "[a]ccepting these allegations as true, Appellant has plead facts sufficient to withstand a motion to dismiss." However, while a trial court must acceptfactual allegations as true, it is not required to accept legalconclusions as true. See Hodge v. City of Cleveland (Oct. 22, 1998), 8th Dist. No. 72283, at *22.
 {¶ 12} Sweet Corn's main contention is that the trial court incorrectly concluded in its judgment that "[p]laintiff's claims are all based upon defendant's failure to provide water as required in [North Ridgeville Municipal Code] Chapter 1046[,]" maintaining all of Sweet Corn's claims were not based on the Code. Sweet Corn argues that it asserted a negligence claim independent of the Code, and instead based on an alleged common law duty to provide water and refrain from causing injury. Sweet Corn further maintains that it alleged intentional, wilfull, and wanton misconduct regardless of any duties created by the Code.
 {¶ 13} However, upon a careful reading of Sweet Corn's complaint, we cannot say that it was improper for the trial court to conclude that all the claims were based on violations of the Code. As already recounted in the discussion of the facts above, couched in each of Sweet Corn's counts is the assertion that North Ridgeville's actions contravened Code, and that these actions directly and proximately caused Sweet Corn's asserted damages. Therefore, we find that the trial court did not err when it concluded that all of Sweet Corn's claims were based upon violations of the Code.
 {¶ 14} While Sweet Corn does not specify which Code section North Ridgeville allegedly violated, it does reference Code sections 1046.03 and 1046.09. Code Section 1046.03 concerns the allocation of payment for water towers and mains and accessories and treated water. Code Section 1046.09 refers to the installation, reading, repair, and testing of water meters. Neither of these Code sections mentions any obligation on North Ridgeville's part to sell water. As we find no reference in these Code Sections to any requirement that North Ridgeville provide water, no duty to provide water arises.
 {¶ 15} In its judgment, the trial court acknowledged that it must accept factual allegations as true, but then proceeded to conclude that Sweet Corn's claims nevertheless failed as a matter of law. The court reasoned, "Chapter 1406 does not require defendant to sell water to plaintiff. This chapter does not find any reference requiring the sale of meters, backflow systems and/or water." In its judgment entry, the court concluded that because the Code does not set forth a duty to provide water, that Sweet Corn could not prevail on its claims. See, generally,Menifee v. Ohio Welding Prods., Inc. (1984), 15 Ohio St.3d 75, 77 (one must show a duty to establish a claim for negligence); Shadoan v. SummitCounty Children Servs. Bd., 9th Dist. No. 21486, 2003-Ohio-5775, ¶¶ 12-14. Even assuming all factual allegations regarding North Ridgeville's actions or inactions are true, we agree with the trial court that Sweet Corn nevertheless could not assert facts sufficient to entitle it relief under its articulated claims. See Wilson, 101 Ohio App.3d at 491;Shockey, 96 Ohio App.3d at 93.
 {¶ 16} Additionally, Sweet Corn presents an argument in support of its independent negligence claim, and furthermore argues that it was improper for the trial court to conclude that North Ridgeville has immunity in this scenario. However, any argument that Sweet Corn makes on appeal regarding the merits of such an independent negligence claim is now rendered moot by our conclusion that the complaint does not state such an independent claim.
 {¶ 17} Based upon the foregoing, this Court concludes that the trial court did not err in granting North Ridgeville's motion to dismiss. Sweet Corn's sole assignment of error is overruled.
 III. {¶ 18} Sweet Corn's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Carr, J. Concur
[1] On December 19, 2002, the trial court entered a journal entry declaring that it would treat North Ridgeville's motion to dismiss as a motion for summary judgment. After several extension allowances and continuances as well as the commencement of discovery, North Ridgeville filed a motion to stay discovery and a motion to reconsider the court's earlier decision to treat the motion to dismiss as a summary judgment motion. On August 11, 2003, the trial court granted North Ridgeville's motion for reconsideration, and thus proceeded to treat the motion to dismiss as such.