DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas, in which the trial court granted motions to dismiss filed by appellees, Caterpillar Inc. ("Caterpillar") and Holt Company of Ohio ("Holt"), and dismissed appellant's amended complaint. The relevant facts, as stated in the pleadings, are as follows.
 {¶ 2} Appellant purchased a previously owned Kenworth W900 commercial truck, powered by a Caterpillar 3406E diesel engine, in July 2000. When the truck was purchased new in March 1998, it had a five year, 500,000 mile extended warranty, which was transferred to appellant when he purchased the truck.
 {¶ 3} On September 18, 2000, appellant took the truck to appellee, Holt, complaining of an oil leak in the front engine seal. The odometer reading at that time was 299,041 miles. A Holt mechanic repaired the leak and provided appellant with an invoice to that effect. Appellant continued to operate the vehicle until September 2002, when he discovered the oil leak had returned. At that time, the odometer registered more than 500,000 miles. When appellant again asked Holt to honor the extended warranty and repair the leak at no charge, Holt refused, due to the vehicle's high mileage.
 {¶ 4} On September 16, 2002, appellant filed a complaint against Caterpillar and Holt, in which he set forth claims of breach of warranty, fraud, and civil conspiracy.[1] On November 8, 2002, Caterpillar filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6). Appellant opposed the motion to dismiss and, on November 22, 2002, filed a motion for leave to amend the complaint, which was granted. The first amended complaint was filed on January 27, 2003. On February 11, 2003, Caterpillar filed a renewed motion to dismiss. The trial court converted Caterpillar's motion into motion for summary judgment, and granted all parties additional time to conduct discovery. On June 6, 2003, Holt joined in Caterpillar's motion for summary judgment.
 {¶ 5} On February 13, 2004, with leave of court, appellant filed a second amended complaint. On March 12, 2004, and March 31, 2004, respectively, Caterpillar and Holt filed motions to dismiss the amended complaint pursuant to Civ.R. 12(B)(6), which appellant opposed. On May 25, 2004, the trial court filed a judgment entry in which it found the second amended complaint failed to state a claim for fraud with sufficient particularity, as required by Civ.R. 9(B). In addition, the trial court found appellant could not maintain a claim for civil conspiracy, since no "unlawful act," other than fraud, was alleged in the complaint. Accordingly, the trial court granted appellees' Civ.R. 12(B)(6) motions and dismissed appellant's second amended complaint in its entirety. On June 28, 2004, a timely notice of appeal was filed.
 {¶ 6} Appellant, Don Woods, sets forth the following assignment of error on appeal:
 {¶ 7} "I. The trial court erred in dismissing plaintiff's second amended complaint for failure to state a claim."
 {¶ 8} In support of his sole assignment of error, appellant argues that the complaint adequately sets forth claims of fraud and civil conspiracy, and the trial court erred by not addressing appellant's breach of warranty claim. We will address each of appellant's arguments separately.
 {¶ 9} A trial court may dismiss a complaint pursuant to Civ.R. 12(B)(6) only if it appears beyond doubt that the plaintiff can prove no set of facts warranting a recovery.Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192;Sweet v. City of N. Ridgeville, 9th Dist. No. 04CA008542, 2005-Ohio-871, at ¶ 9. In making such a determination, the trial court must accept all factual allegations of the complaint as true and make all reasonable inferences in favor of the non-moving party. Mitchell, supra. Since only legal issues are presented, appellate review of a trial court's dismissal on the pleadings is de novo. Hunt v. Marksman Products, Div. of S/RIndus., Inc. (1995), 101 Ohio App.3d 760, 762, citing Plazzo v.Nationwide Mut. Ins. Co. (June 24, 1992), Summit App. No. 15370, at 3. It is in this context that we will address the trial court's dismissal of each of appellant's claims.
 {¶ 10} We will first address the trial court's dismissal of appellant's fraud claim. It is well-established that the elements necessary to support a claim of fraud are: "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying on it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." Mussivand v. David (1989), 45 Ohio St.3d 314,322, citing Burr v. Stark Cty. Bd. of Commrs. (1986),23 Ohio St. 3d 69, paragraph two of the syllabus. (Other citations omitted.). "All elements must exist to show fraud." Id.
 {¶ 11} Pursuant to Civ.R. 9(B), whenever fraud is alleged in a complaint, the circumstances constituting such fraud "shall be stated with particularity." Those circumstances include: "the time, place and content of the false representation; the fact misrepresented; the identification of the individual giving the false representation; and the nature of what was obtained or given as a consequence of the fraud." Aluminum Line Prods. Co.v. Bard Smith Roofing Co., Inc. (1996), 109 Ohio App.3d 246,259.
 {¶ 12} In his second amended complaint, appellant made the following relevant allegations:
 {¶ 13} "28. On September 18, 2000, [appellant] took such engine with a 299,041.0 mile meter reading to Holt as dealer-agent for [Caterpillar] for warranty repair of an oil leak * * *.
 {¶ 14} "29. At that time [appellees] represented to [appellant] that they had properly corrected the defect under the warranty, and provided [appellant] with a statement attesting thereto, (Plaintiff's Exhibit 13 attached) and concealed the temporary epoxy patch actually done.
 {¶ 15} "30. Such representation/concealment was false, [appellees] knew it was false, and made/concealed it intending [appellant] to rely thereon, which [appellant] did to his damage in an amount in excess of $2,500.00 by failing to demand proper warranty defect correction, operating such engine until the warranty expired and [appellant] discovered [appellees'] fraud and breach when the epoxy patch failed in September, 2002."
 {¶ 16} Attached to the second amended complaint was a copy of the extended warranty for appellant's truck, along with copies of Caterpillar's service letters designated as "PS5291" and "PS5292", and a copy of the service invoice given to appellant by Holt after repairs were made to appellant's truck in September 2000.
 {¶ 17} The extended warranty states, in relevant part that, in the event a defect in workmanship or materials is discovered within the extended warranty period, "Caterpillar will, * * * provide (at Caterpillar's choice) new Remanufactured, or Caterpillar-approved repaired parts or assembled components needed to correct the defect." (Emphasis added.). Service letters PS5291 and PS5292, which became effective prior to the purchase of appellant's truck by the first owner, set forth Caterpillar's chosen procedure for repairing front cover oil leaks in engines such as the one owned by appellant. The method set forth in PS5292 includes sealing the leak with epoxy adhesive.
 {¶ 18} Holt's service invoice states that, in addition to other repairs, its mechanic fixed, at no charge, an oil leak in appellant's front engine cover. The invoice also states the repair was made pursuant to Caterpillar's "PS5291 PRODUCT SUPPORT PROGRAM FOR REPAIRING FRONT COVER OIL LEAKS ON CERTAIN 3406E ENGINES USED IN ON-HIGHWAY VEHICLE APPLICATIONS" and "PS5292 PRODUCT SUPPORT PROGRAM FOR REPAIRING FRONT COVER OIL LEAKS ON CERTAIN 3406E ENGINES USED IN ON-HIGHWAY VEHICLE APPLICATIONS." The list of procedures performed includes application of an "adhesive."
 {¶ 19} The above-cited portions of the complaint state that Holt repaired the leak in appellant's engine during the extended warranty period, and the repairs were performed in accordance with Caterpillar's service letters PS5291 and PS5292. Holt's service invoice indicates an adhesive was applied. Appellant was not charged for repairing the oil leak because the work performed was covered by the extended warranty. The complaint further states the engine did not leak again until after the extended warranty expired.
 {¶ 20} Although appellant claims Holt should have repaired the engine leak in a different manner, he has not demonstrated any of the statements made by Holt as to how the repair was actually performed were false. Similarly, the complaint does not specify exactly what, if any, information contained in the service letters PS5291 and PS5292 is false. Accordingly, even after accepting the factual allegations in the complaint as true, we agree with the trial court's conclusion that appellant's second amended complaint does not set forth all the required elements for a fraud claim with sufficient particularity, as required by Civ.R. 9(B).
 {¶ 21} We will next address the trial court's dismissal of appellant's civil conspiracy claim. Civil conspiracy is defined as "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages." Kenty v. TransamericaPremium Ins. Co. (1995), 72 Ohio St.3d 415, 419 (Other citations omitted). In order to prevail on a civil conspiracy claim, the claimant must demonstrate the existence of an underlying unlawful act. Avery v. City of Rossford (2001), 145 Ohio App.3d 155,165, citing Williams v. Aetna Fin. Co. (1998),83 Ohio St. 3d 464, 475. In addition, a conspiracy claim "must be pled with some degree of specificity, and vague or conclusory allegations which are unsupported by material facts will not be sufficient to state a claim." Id. (Other citations omitted.).
 {¶ 22} Appellant's second amended complaint states, in relevant part:
 {¶ 23} "13. [Appellees] conspired together to:
 {¶ 24} "a) conceal the front cover-block interface defect from persons who purchased 3406E diesel engines.
 {¶ 25} "b) conceal from owners of 3406E diesel engines who sought warranty service for the front cover interface defect that they were not doing what Cat promised in the warranty; i.e., `provide new remanufactured, or Caterpillar-approved repaired parts or assembled components needed to correct the defect,' which would have cost in excess of $3,000.00 each to Cat but were instead performing a temporary patch with epoxy at a cost to Cat of less than $400.00 each.
 {¶ 26} "c) concealed [sic] from owners of 3406E diesel engines that the front cover-block interface defect was never corrected and, after the warranty expired, such purchasers would be charged approximately $3,000.00 each to make the disassembly and parts replacement repair.
 {¶ 27} "d) concealed [sic] from owners of 3406E diesel engines that they had a secret warranty policy in which they would make the disassembly and part replacement repair under warranty for certain favored customers even after expiration of the warranty.
 {¶ 28} "* * *
 {¶ 29} "16. [Appellees] did not correct the defect but instead conspired together to make only temporary patches to stop such oil leaks by retightening 2 of the bolts and using epoxy glue on the exterior of the cover-block joint."
 {¶ 30} On consideration, we find that appellant's second amended complaint contains only vague, conclusory allegations that Caterpillar and Holt "conspired" to conceal an engine defect from purchasers of Caterpillar 3406E diesel engines, and does not allege any "unlawful acts" against Caterpillar and Holt other than fraud. Accordingly, having upheld the trial court's dismissal of the fraud claim, we further find the trial court did not err by finding appellant's conspiracy claim "cannot stand" and dismissing it on that basis.
 {¶ 31} Finally, both parties correctly acknowledge the trial court dismissed the entire second amended complaint without addressing appellant's claim for breach of express warranty. Appellant asserts the trial court's oversight constitutes reversible error. In contrast, appellees argue the trial court did not need to separately address the breach of warranty claim, because the complaint alleged the "scheme to violate the terms of the warranty was an integral part of a fraudulent conspiracy to deceive all purchasers of this engine model." We disagree with both appellant and appellees, for the following reasons.
 {¶ 32} This court has previously held that claims for breach of warranty and fraud are legally distinguishable. CentennialIns. Co. of New York v. Vic Tanny Int. of Toledo, Inc. (1975),46 Ohio App.2d 137, 141, citing Irwin v. Wilson (1887),45 Ohio St. 426. Accordingly, the trial court erred by not separately ruling on appellant's breach of warranty claim. However, our review in this case is de novo. Therefore, the trial court's error is not fatal, since we can elect to address appellant's breach of warranty claim on appeal.
 {¶ 33} Generally, "[a]n express warranty is created when the seller makes to the buyer a material or substantive promise or assurance concerning the quality, performance, or safety of the product sold to the buyer. When the quality or characteristics warranted by the seller fall short of the seller's representations, the express warranty is breached." Bruns v.Cooper Indus., Inc. (1992), 78 Ohio App.3d 428, 431.
 {¶ 34} As set forth above, the complaint alleges that the extended warranty states, in the event a defect in workmanship or materials was discovered within the warranty period, Caterpillar would provide, at its discretion, "new Remanufactured, or Caterpillar-approved repaired parts or assembled components needed to correct the defect." The complaint further stated the warranty period was for five years or 500,000 miles, whichever occurred first; appellant first sought repairs for an oil leak at 299,041 miles; and appellant returned to Holt for a second leak, more than 200,000 miles later, after the warranty period expired.
 {¶ 35} Upon consideration, we find the facts set forth in the second amended complaint, taken as true, show that appellant received exactly what he paid for — an engine that ran for over 500,000 miles before he was required to pay for any repairs. Although appellant may have preferred a method of repair other than the one chosen by Caterpillar, he has not alleged facts to show that Caterpillar promised to use any particular method. In addition, we are not required to accept appellant's characterization of the epoxy repair as "temporary," particularly since appellant admits the repair lasted for more than 200,000 miles before the oil leak reappeared. Accordingly, the second amended complaint does not set forth facts sufficient to support a claim for breach of warranty, and the trial court did not err by dismissing appellant's complaint without directly addressing that issue.
 {¶ 36} On consideration whereof, we further find that, after accepting all the allegations in the second amended complaint as true and making all reasonable inferences in favor of appellant, it appears beyond doubt appellant can prove no set of facts entitling him to a recovery. Appellant's sole assignment of error is not well taken.
 {¶ 37} The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal, for which sum judgment is rendered against appellant on behalf of Lucas County and for which execution is awarded. See App.R. 24.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Skow, J., Glasser, J. concur.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] The complaint was styled as a class action; however, no class was ever certified, and the issue of whether a class action can be maintained is not before this court on appeal.